STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**
**April 20, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Kevin C.,**
**Petitioner Below, Petitioner**

**vs)   No. 20-0469** (Fayette County 20-C-46)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**


# MEMORANDUM DECISION


Self-represented petitioner Kevin C. appeals the June 17, 2020, order of the Circuit Court of Fayette County denying his third petition for a writ of habeas corpus.[1] Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex, by counsel Holly M. Flanigan, filed a summary response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2010, petitioner was indicted in the Circuit Court of Fayette County on 126 counts of various felony sexual offenses involving his nine-year-old stepdaughter. Subsequently, the State dismissed all but twenty-four counts of first-degree sexual assault.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

The circuit court held petitioner's trial in April of 2011. At trial, the victim testified to the repeated instances of sexual abuse she suffered at petitioner's hands. Additionally, a licensed social worker, qualified as an expert in forensic interviews of children, testified that she interviewed the victim and concluded that the victim did not exhibit signs that she was coached or was lying. The Child Protective Services worker who investigated the reports of sexual abuse in the victim's home testified that her investigation caused her to file for emergency custody of the victim and that the acts of sexual abuse against the victim occurred at least once a month. Furthermore, the victim's therapist testified as to the victim's post-traumatic stress disorder and the consistency in the victim's reports of her sexual abuse at the hands of petitioner. In addition, the State called an expert in the field of child sexual assault forensic medicine, who testified that on a scale including "none," "possible," "probable," and "definite," the victim's likelihood of sexual abuse was "probable." Finally, the psychologist who performed a court-ordered evaluation of the victim to determine her capacity to serve as a witness on her own behalf testified that the victim was capable of understanding the distinction between truths and lies and that the victim had made no attempts to recant her allegations. At the conclusion of the two-day trial, the jury convicted petitioner of the remaining twenty-four counts of first-degree sexual assault. The circuit court imposed an effective sentence of 150 to 600 years of incarceration.

Petitioner appealed his convictions in *State v. Kevin C.* ("*Kevin C. I*"), No. 11-1233, 2012 WL 5857311 (W. Va. November 19, 2012) (memorandum decision), arguing that the testimony about the "none," "possible," "probable," and "definite" classification system was surprise evidence that unduly prejudiced his case. *Id.* at *1. This Court in *Kevin C. I* rejected petitioner's argument and affirmed his convictions. *Id.* at *2.

Subsequently, petitioner's second habeas corpus proceeding was initiated in the circuit court on January 23, 2014.[2] The circuit court appointed habeas counsel for petitioner. Habeas counsel then filed a memorandum of law in support of the petition and a *Losh* checklist on September 16, 2015.[3] At the February 11, 2016, omnibus hearing, in directing petitioner to review the *Losh* checklist for accuracy and sign it if it was accurate, the circuit court asked petitioner whether he understood that, if he believed there were any additional issues that would entitle him to habeas relief, "they [would] need to be addressed at this hearing." Petitioner responded that he understood he must raise all issues applicable to his case at the omnibus hearing. After petitioner reviewed and signed the *Losh* checklist, the circuit court again questioned petitioner, as follows:

THE COURT: And, of course, as I indicated earlier, on this Losh list, there are 53

---

[2]Petitioner's first habeas petition, filed in the circuit court on January 2, 2014, was dismissed on January 8, 2014, due to procedural deficiencies.

[3]The checklist of grounds typically used in habeas corpus proceedings, usually referred to as the *Losh* checklist, originates from our decision in *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), where we set forth the most common grounds for habeas relief. *See* 166 W. Va. at 768-70, 277 S.E.2d at 611-12.

numbered items that could possibly be raised in this proceeding, as well as possibly others. And out of those possible grounds that could be raised during this omnibus hearing, only two of which are being asserted, one of which is ineffective assistance of counsel, and the other is claiming prejudicial statements by the prosecutor.

[Petitioner], this form that you signed this morning, had you seen this form before and did you go over it with your lawyer before today?

THE PETITIONER: Yes.

THE COURT: And you understand the hearing will proceed today on the two grounds asserted in this [petition], and you fully understand that all the other grounds that are listed there or any other possible grounds are being waived, or given up. You understand that, sir?

THE PETITIONER: Yes, sir.

Thereafter, petitioner testified in support of his second habeas petition and presented the testimony of his trial counsel. By order entered on March 6, 2016, the circuit denied the second habeas petition. In *Kevin C. v. Ballard* ("*Kevin C. II*"), No. 16-1029, 2017 WL 5632825 (W. Va. November 22, 2017) (memorandum decision),[4] this Court affirmed the denial of petitioner's second habeas petition, finding that trial counsel's performance was not deficient and that, even if trial counsel made a mistake, any deficiency did not change the outcome of petitioner's case. *Id.* at *2-5. In making this finding, this Court in *Kevin C. II* relied upon its determination in *Kevin C. I* that "[a] review of the record [in petitioner's case] supports petitioner's convictions, and we find no error to warrant overturning them." *Id.* at *3 (quoting *Kevin C. I*, 2012 WL 5857311 at *2). Finally, this Court in *Kevin C. II* rejected petitioner's contention that the cumulative effect of trial counsel's alleged errors resulted in prejudice, finding that the cumulative error doctrine does not apply in cases where "there is no error." 2017 WL 5632825, at *5 (quoting *State v. Knuckles*, 196 W. Va. 416, 426, 473 S.E.2d 131, 141 (1996)).

On April 6, 2020, petitioner filed the instant habeas petition—his third—in the circuit court, alleging that counsel in the second habeas proceeding, trial counsel in his criminal case, and/or appellate counsel in *Kevin C. I* were ineffective in failing to raise the following issues: (1) defects in grand jury proceedings; (2) insufficient evidence to support petitioner's convictions; (3) violation of *Brady v. Maryland*, 373 U.S. 83 (1963), with regard to the alleged nondisclosure of impeachment evidence; (4) unreliable transcript of the victim's interview due to transcription by the investigating officer's wife; and (5) disproportionate sentence. Petitioner further claimed that felony charges allegedly filed against habeas counsel impacted habeas counsel's performance in the second habeas proceeding. Finally, petitioner alleged that the cumulative effect of counsels' alleged errors resulted in prejudice to him.

---

[4]We take judicial notice of the record in *Kevin C. v. Ballard* ("*Kevin C. II*"), No. 16-1029, 2017 WL 5632825 (W. Va. November 22, 2017) (memorandum decision).

By order entered on June 17, 2020, the circuit court found that the claims of ineffective assistance by habeas counsel, trial counsel, and/or appellate counsel in *Kevin C. I* were without merit due to the second habeas proceeding in *Kevin C. II* where ineffective assistance of trial counsel was one of the two issues raised by petitioner and rejected by the court, and during which petitioner waived all other issues at the omnibus hearing. The circuit court further found that the claim that habeas counsel's performance in the second habeas proceeding was deficient was devoid of support from the record because there was no evidence of felony charges filed against habeas counsel and, even if habeas counsel was facing felony charges, habeas counsel's performance was "more than proficient, as counsel acted professionally and put forth viable, well-articulated arguments on . . . [p]etitioner's behalf."[5] Finally, the circuit court rejected petitioner's contention that the cumulative effect of counsels' alleged errors resulted in prejudice as the cumulative error doctrine has no application in cases where no error is found. Accordingly, the circuit court denied the third habeas petition.

Petitioner now appeals the circuit court's June 17, 2020, order denying his third habeas petition. This Court reviews a circuit court order denying a habeas petition under the following standards:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

> . . . .

> "'A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W.Va. 698, 601 S.E.2d 18 (2004).

Syl. Pts. 1 & 3, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016). However, because we have before us the denial of petitioner's *third* habeas petition, we first consider the application of Syllabus Point 4 of *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981): "A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which

---

[5]In *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), we found that a circuit court may "summarily deny unsupported claims." 166 W. Va. at 771, 277 S.E.2d at 612. On appeal, petitioner no longer claims that felony charges allegedly filed against habeas counsel impacted habeas counsel's performance in the second habeas proceeding.

with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing[.]"

The test evaluating an ineffective assistance claim is as follows:

"In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syllabus Point 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

Syl. Pt. 1, *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 465 S.E.2d 416 (1995).

On appeal, petitioner argues that counsel in the second habeas proceeding was ineffective in disregarding petitioner's instruction to raise the issues petitioner subsequently asserted in the third habeas petition. Respondent counters that the circuit court properly denied the third habeas petition. We agree with respondent, as the record from *Kevin C. II* belies petitioner's ineffective assistance claim.

At the February 11, 2016, omnibus hearing, in directing petitioner to review the *Losh* checklist for accuracy and sign it if it was accurate, the circuit court asked petitioner whether he understood that, if he believed there were any additional issues that would entitle him to habeas relief, "they [would] need to be addressed at this hearing." Petitioner responded that he understood that he must raise all issues applicable to his case at the omnibus hearing. After petitioner reviewed and signed the *Losh* checklist, the circuit court again asked petitioner whether he understood that the omnibus hearing would "proceed . . . on the two grounds asserted in this [petition], and . . . that all the other grounds that are listed there or any other possible grounds are being waived, or given up." Petitioner responded, "yes, sir." Therefore, based on our review of the omnibus hearing transcript, we find that petitioner raised the only two issues at the omnibus hearing he believed to be applicable to his case and knowingly waived all other grounds for relief. Accordingly, we conclude that the circuit court did not abuse its discretion in denying petitioner's third habeas petition as it was an impermissible successive petition barred by the doctrine of res judicata pursuant to Syllabus Point 4 of *Losh*.

For the foregoing reasons, we affirm the circuit court's June 17, 2020, order denying petitioner's third petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** April 20, 2021


**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton